22-2232-cv
*N.Y. Times Co. & John Ewing, Jr. v. U.S. Dep't of Just. & Volkswagen AG*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-four.

PRESENT:   DENNIS JACOBS,
                    DENNY CHIN,
                    ALISON J. NATHAN,
                              *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THE NEW YORK TIMES COMPANY & JOHN
EWING, JR.,

*Plaintiffs-Appellants*,

-v-                                                                22-2232-cv

UNITED STATES DEPARTMENT OF JUSTICE,

*Defendant-Appellee,*

and

VOLKSWAGEN AG,

*Intervenor-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

For Plaintiffs-Appellants:

AL-AMYN SUMAR (David E. McCraw, *on the brief*), *for* The New York Times Company, New York, NY.

For Defendant-Appellee:

ANTHONY J. SUN, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

For Intervenor-Appellee:

MORGAN L. RATNER (Robert J. Giuffra, Jr., Suhana S. Han, Andrew J. Finn, Zachary C. Persing, Leslie B. Arffa, *on the brief*), Sullivan & Cromwell LLP, *for* Volkswagen AG, Washington, DC and New York, NY.

For Amicus Curiae:

Jonathan D. Urick, U.S. Chamber Litigation Center, Christopher G. Michel, Quinn Emanuel Urquhart & Sullivan, LLP, *for* Chamber of Commerce of the United States, Washington, DC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants The New York Times Company and John T. Ewing, Jr. (together "The Times") filed a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, with defendant-appellee the United States Department of Justice ("DOJ"). The Times seeks disclosure of a March 30, 2018 report (the "Report")

2

written by the independent monitor (the "Monitor") who was tasked with tracking the efforts of intervenor-appellee Volkswagen AG ("VW") to comply with a plea agreement arising out of an emissions evasion scheme. The Report spans 200 pages and contains the Monitor's findings, observations, and recommendations concerning various aspects of VW's practices and compliance efforts. On October 1, 2019, DOJ voluntarily released a section of the Report titled "The Monitorship," which mostly contains "publicly available information." *See N.Y. Times Co. v. DOJ*, No. 19-cv-1424 (KPF), 2021 WL 371784, at *4 (S.D.N.Y. Feb. 3, 2021). On November 25, 2020, after the independent monitorship ended, DOJ released a redacted version of the Report to The Times, withholding material under FOIA Exemptions 4 and 5, 5 U.S.C. § 552(b)(4)-(5).

After the three parties cross-moved for summary judgment, the district court ordered DOJ to submit the full, unredacted Report for *in camera* review. *N.Y. Times Co.*, 2021 WL 371784, at *22. Upon conducting a line-by-line review of the Report, the district court concluded that most of the redacted material was properly withheld under FOIA Exemption 5, which protects agency material that, *inter alia*, is part of the agency's deliberative process. *N.Y. Times Co. v. DOJ*, No. 19-cv-1424 (KPF), 2022 WL 2304173, at *3 (S.D.N.Y. June 27, 2022). The district court ordered additional parts of the Report unredacted, finding Exemption 5 did not apply to those parts. *Id.* at *4-5. In the end, it sustained DOJ's reliance on Exemption 5 as to most of the Report. With respect to Exemption 4, the court ordered DOJ to produce all but one sentence of the material

3

withheld only under Exemption 4. *Id.* at \*5. After this appeal was filed, and after The Times submitted its brief to this Court, DOJ and VW "re-evaluated the one sentence protected by Exemption 4 only, and DOJ released it to the Times." DOJ Br. at 14-15.

For the reasons set forth below, we affirm the district court's judgment. Because all the material remaining in dispute is properly withheld under Exemption 5, our holding on Exemption 5 is sufficient to resolve the dispute before us, and we decline to reach the issue of the district court's construction of Exemption 4. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a challenge to a district court's ruling on summary judgment *de novo*. *See ACLU v. NSA*, 925 F.3d 576, 588 (2d Cir. 2019). Because we often resolve FOIA cases on summary judgment, "the evidence . . . is typically limited to affidavits 'in lieu of other documentary or testimonial evidence.'" *Seife v. FDA*, 43 F.4th 231, 238 (2d Cir. 2022) (quoting *Long v. Off. of Pers. Mgmt.*, 692 F.3d 185, 190 (2d Cir. 2012)). Accordingly, if an agency provides affidavits that "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith," then summary judgment in favor of the agency is appropriate. *Id.* (quoting *Wilner v. NSA*, 592 F.3d 60, 73 (2d Cir. 2009)).

4

FOIA Exemption 5 permits an agency to withhold "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Courts read this exemption to incorporate the privileges available to agencies in civil litigation, including the deliberative process privilege. *See U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021). Under the deliberative process privilege, an agency may withhold material that is "predecisional," *i.e.*, "prepared in order to assist an agency decisionmaker in arriving at [their] decision," and "deliberative," *i.e.*, "actually . . . related to the process by which policies are formulated." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999) (quotation omitted).

FOIA requires "[a]ny reasonably segregable portion of a record" to be disclosed, 5 U.S.C. § 552(b), and we generally do not extend Exemption 5's protection to "factual material." *Nat. Res. Def. Council v. EPA*, 954 F.3d 150, 157 (2d Cir. 2020). If, however, "the factual materials are inextricably intertwined with policy making recommendations so that their disclosure would compromise the confidentiality of deliberative information," those facts are properly withheld under Exemption 5. *Id.* (quoting *Lead Indus. Ass'n, Inc. v. OSHA*, 610 F.3d 70, 85 (2d Cir. 1979)).

We have held that Exemption 5 can protect factual material if disclosing the facts "would reveal the deliberative process . . . itself by demonstrating which facts in [a] massive . . . record were considered significant" to the agency's decision-making.

5

*Lead Indus. Ass'n, Inc.*, 610 F.2d at 85. District courts in our Circuit have accordingly concluded that factual material may be protected if those facts themselves tend to reveal an agency's deliberative process.[1] Moreover, under the so-called "consultant corollary" to Exemption 5, material provided to an agency by a third party can nevertheless fall within the Exemption, because we "recognize[] that agencies may require assistance from outside consultants." *Tigue v. DOJ*, 312 F.3d 70, 77 (2d Cir. 2002).[2]

Once an agency establishes that material falls within an enumerated FOIA exemption, it faces an independent and meaningful requirement of showing (1) that the agency reasonably foresees that disclosure of the material would harm the interest protected by the exemption, or (2) that disclosure is prohibited by law. *Seife v. FDA*, 492 F. Supp. 3d 269, 278 (S.D.N.Y. 2020), *aff'd*, 43 F.4th 231 (2d Cir. 2022); 5 U.S.C. § 552(a)(8)(A).

---

[1] *See, e.g.*, *N.Y. Times Co. v. DOJ*, No. 16-cv-6120 (RMB), 2017 WL 4712636, at *16 (S.D.N.Y. Sept. 29, 2017); *see also, e.g.*, *Am. Soc'y for Prevention of Cruelty to Animals & Animal & Plant Health Inspection Serv.*, No. 19-cv-3112 (NRB), 2021 WL 1163627, at *10 (S.D.N.Y. Mar. 25, 2021) (holding that if "the selective compilation of . . . factual material would itself reveal an aspect of an agency's deliberation," then that factual material would be exempt); *Color of Change v. DHS*, 325 F. Supp. 3d 447, 455 (S.D.N.Y. 2018) (factual portions that show the author's judgment in "culling the relevant documents, extracting pertinent facts, and organizing them to suit a specific purpose" can render those facts "interwoven with" the policy judgments of the document) (cleaned up).

[2] As district courts have observed, we have not, however, "advised on how far this corollary extends." *Intell. Prop. Watch v. U.S. Trade Rep.*, 134 F. Supp. 3d 726, 749 (S.D.N.Y. 2015); *see also Fox News Network, LLC v. U.S. Dep't of Treasury*, 739 F. Supp. 2d 515, 539 (S.D.N.Y. 2010) (noting the "absence of clear authority in this Circuit"). On appeal, The Times does not challenge the district court's ruling that the Monitor is covered by the consultant corollary; accordingly, we need not reach the issue here.

In *Grand Central Partnership*, we stated that Exemption 5 was

> designed to safeguard and promote agency decisionmaking processes in at least three ways: "[I]t serves to assure that subordinates within an agency will free to provide the decisionmaker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism; to protect against premature disclosure of proposed policies before they have been finally formulated or adopted; and to protect against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action."

166 F.3d at 481 (quoting *Providence J. Co. v. U.S. Dep't of Army*, 981 F.3d 552, 557 (1st Cir. 1992)). Thus, one of the core interests that Exemption 5 protects is candor within an agency with respect to its deliberative process. *Id.*; *see also Sierra Club*, 592 U.S. at 267 (the deliberative process privilege protects agencies from being "forced to operate in a fishbowl") (internal citation omitted).

On appeal, The Times challenges the withholding of certain factual material underlying the Monitor's observations and recommendations, which the district court found was "inextricably intertwined" with the Monitor's subjective analysis and thus protected under Exemption 5. The Times also argues that DOJ has not met its burden of showing that disclosure of that factual material would foreseeably harm an interest protected by Exemption 5.

7

We first consider whether DOJ meets its burden of showing that the material at issue, while factual, is inextricably intertwined with the Monitor's policy making recommendations, and thus DOJ's deliberative process, to warrant withholding. DOJ has met its burden. The material at issue in the report represents information that, though factual, the Monitor selectively culled from a larger set of facts available to him. The Monitor selected certain facts to highlight and incorporated them into his various observations and recommendations, and thus they are "inextricably intertwined" with his subjective analysis and are properly withheld under the deliberative process privilege. *See Lead Indus. Ass'n, Inc.*, 610 F.2d at 85.

Indeed, the material that the Monitor chose to discuss in the Report was learned during his team's initial investigation, which included review of thousands of internal documents and hundreds of meetings with VW staff. From all this information, the Monitor selected certain factual material to support his observations and recommendations, and DOJ's declarations sufficiently explain how disclosure of the material would itself reveal DOJ's considerations in overseeing plea deals with VW and other companies. *See* Joint App'x at 300-02 ("The Monitor Report . . . is narrowly tailored and addresses only the matters most relevant to the Government's deliberations," and thus much of the factual information contained in the Report "could not be reasonably segregated . . . without harming the Government's interest in protecting its internal, predecisional deliberations from public scrutiny."). In finding

8

that DOJ has met its burden of establishing that the factual material is properly withheld under Exemption 5, we accord a "presumption of good faith," *Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994) (quotation omitted), to DOJ's declaration that it conducted its own line-by-line segregability analysis to ensure that it was withholding only factual material that was inextricably intertwined with deliberative material. The district court conducted a thorough, line-by-line review of the Report and, indeed, ordered disclosure of some of the withheld factual material because it determined that material was *not* inextricably intertwined with the policy recommendations. We agree with the district court's application of Exemption 5's legal principles.

DOJ has also met its burden of showing foreseeable harm under 5 U.S.C. § 552(a)(8)(A) because its declarations describe with "reasonably specific detail" how disclosure would result in harm to its deliberative processes, namely, its ability to ensure candor between the agency and an independent monitor, so that DOJ can enter and effectively enforce plea agreements with companies like VW. *Seife*, 43 F.4th at 239.[3] DOJ represented that the Report "combines the Monitor's in-depth assessment of VW's

---

[3] The Times directed the Court to the recent decision in *Leopold v. DOJ*, No. 22-5300, 2024 WL 875794, slip op. at 7 (D.C. Cir. Mar. 1, 2024) (concluding that DOJ had provided only a "perfunctory assertion of foreseeable harm"). *Leopold* is distinguishable because there the district court ruled that the *entire* monitor's report was protected by Exemption 8. Slip op. at 6-7. Moreover, the district court did not conduct a line-by-line review to determine whether the report contained any non-exempt information that was reasonably segregable from the protected material.

9

actions to implement the plea agreement with his frank analysis of what must be done for such implementation to succeed," Joint App'x at 299, and disclosure of that material "puts at risk [DOJ's] ability to obtain similarly useful analysis in the future," *id.* DOJ's evaluation of a company's adherence to a plea agreement "depends, in no small part, on the [ability of] monitors[] and the DOJ to communicate openly and honestly without concern that such discourse would become public," *id.*, and thus DOJ has adequately demonstrated that the withheld information "logically falls within the claimed exemption," *Seife*, 43 F.4th at 274.

Because DOJ's declarations "directly articulate[] 'a link between the specified harm and the specific information contained in the material withheld,'" *Reporters Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 371 (D.C. Cir. 2021) (quotation omitted), DOJ has met its burden of showing that disclosure of the factual material would reasonably, and foreseeably, harm the interests protected by the deliberative process privilege. And for its part, The Times "neither successfully disputes that showing with [its] own evidence -- much less shows a genuine dispute of material fact -- nor offers evidence of bad faith in the provision of [DOJ's] declarations." *Seife*, 43 F.4th at 243-44.

\* \* \*

10

We have considered The Times's remaining arguments and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court